**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGHEI IASIBAS, | No. 05-74904 |
| Petitioner, | Agency No. A097-112-509 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2010 [**]
San Francisco, California

Before: BRIGHT, [***] HAWKINS and M. SMITH, Circuit Judges.

Serghei Iasibas ("Iasibas"), a native and citizen of Moldova, seeks review of a

decision of the Board of Immigration Appeals ("BIA") affirming the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Myron H. Bright, Senior U. S. Circuit Judge for the Eighth Circuit, sitting by designation.

Judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and review for substantial evidence. *Kaiser v. Ashcroft*, 390 F.3d 653, 657 (9th Cir. 2004). We deny the petition.

As the IJ found, the incidents of discrimination described by Iasibas, although unfortunate, did not rise to the level of persecution. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) ("Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act."). Iasibas did not suffer severe economic disadvantage, as he was able to attend school and obtain a government job despite his ethnicity. *Cf. Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000).

Iasibas's alleged incidents of threats and physical encounters with Moldovan individuals–some of which Iasibas admitted arose over a desire for cigarettes and/or alcohol, or a misplaced suspicion of theft–were not the sort of "extreme" infliction of harm that constitutes persecution within the meaning of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc); *Ghaly*, 58 F.3d at 1431.

Moreover, even if these actions did qualify as persecution, they were perpetrated by private actors. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.

2

2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Iasibas did not present convincing evidence that the government was unable or unwilling to control such acts, or that reporting the abuse to authorities would have been futile. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Because the IJ correctly found Iasibas did not suffer past persecution, he was not entitled to a presumption of future persecution. *Gormley*, 364 F.3d at 1180. Substantial evidence supports the IJ's conclusion that Iasibas did not have a well-founded fear of future persecution. Iasibas did not leave his country in fear; he came to the United States as a student and admitted that he initially intended to return to his country and employment there. In addition, his family members have continued to live in the country without serious incident. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000).

Failing to qualify for asylum, Iasibas necessarily does not satisfy the higher threshold for withholding of removal. *Ghaly*, 58 F.3d at 1429. Substantial evidence also supports the IJ's determination that Iasibas failed to establish it is more likely than not that he would be tortured if returned to Moldova, and properly denied his CAT claim as well. *See* 8 C.F.R. § 1208.18.

**PETITION DENIED**.